**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JOAN C. HARRUP,
　　　　　Appellant,

　　　v.

DEPARTMENT OF DEFENSE,
　　　　　Agency.

DOCKET NUMBER
DC-0752-18-0667-I-1

DATE: May 17, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Chungsoo J. Lee</u>, Jenkintown, Pennsylvania, for the appellant.

<u>Daniel W. Moebs</u>, Esquire, Richmond, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her involuntary retirement appeal for lack of jurisdiction and, in the alternative, as untimely filed. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant, who served as a GS-11 Contract Administrator for the Defense Logistics Agency Aviation in Richmond Virginia, retired from her position effective May 31, 2014, listing the agency's denial of her request for reasonable accommodation and her eligibility for retirement as her reasons for doing so.   Initial Appeal File (IAF), Tab 10 at 4, Tab 11 at 4, 27. On September 16, 2015 she filed an informal equal employment opportunity (EEO) complaint alleging that the agency had denied her a reasonable accommodation.   IAF, Tab 10 at 10, Tab 21 at 4.   On December 17, 2015, she filed a formal EEO complaint, and asserted therein that she was forced to retire.   IAF, Tab 16 at 67-71, Tab 21 at 4.   She requested a hearing before an Equal Employment Opportunity Commission (EEOC) administrative judge, who dismissed the complaint as untimely filed on June 23, 2017, and remanded the matter to the agency for issuance of a Final Agency Decision (FAD). IAF, Tab 10 at 29-30, Tab 21 at 5.

The agency issued an August 3, 2017 FAD finding that the appellant failed to make initial contact with an EEO counselor within 45 days of her alleged involuntary retirement and dismissing the complaint as untimely filed. IAF, Tab 10 at 32-33, Tab 21 at 5.   The appellant sought review of the FAD before the EEOC's Office of Federal Operations (OFO).   IAF, Tab 10 at 36-37. After OFO denied her appeal, she requested that it reconsider its decision.   *Id.*   In an April 18, 2018 decision, OFO denied her request.   IAF, Tab 10 at 36-38, Tab 21 at 5.  The appellant filed this appeal on July 16, 2018.   IAF, Tab 1.

In addition to the acknowledgment order, the administrative judge issued an order on jurisdiction and timeliness.   IAF, Tabs 2-3.   On the jurisdictional issue, the appellant asserted that she was forced to retire when the agency suddenly denied her an ongoing and long-time accommodation.   IAF, Tab 9 at 4. On the timeliness issue, the appellant argued that the agency failed to give her notice of her Board appeal rights when she retired, or at any point during the

processing of her EEO complaint. IAF, Tab 21 at 4-6. She claimed her former attorney did not explain the procedural requirements for filing a mixed case and that she was unaware of her right to do so until she hired her current representative on June 20, 2018. *Id.* at 5-6. She asserted that she timely filed this Board appeal after her new representative explained to her that she could do so. *Id.* at 6.

Without holding the appellant's requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant failed to make a nonfrivolous allegation that the agency coerced her retirement. IAF, Tab 1 at 2, Tab 24, Initial Decision (ID) at 15-21. In the alternative, the administrative judge found that, even if the appellant established jurisdiction over her alleged involuntary retirement, the appeal was untimely filed without good cause shown for the delay. ID at 21-28. In her petition for review, the appellant challenges both findings. Petition for Review (PFR) File, Tab 1. The agency has responded to the appellant's petition for review and the appellant has filed a reply to the agency's response. PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appeal must be remanded for a jurisdictional hearing because the appellant made a nonfrivolous allegation that her retirement was involuntary.</u>

The administrative judge found that the appellant failed to make a nonfrivolous allegation that the agency coerced her retirement. ID at 15-21. However, the Board had repeatedly held that a jurisdictional hearing is warranted when, as here, the appellant alleges that her decision to retire was coerced because the agency denied a reasonable accommodation that would have permitted her to perform her job duties. *See, e.g.*, *Hosozawa v. Department of Veterans Affairs*, 113 M.S.P.R. 110, ¶¶ 6-7 (2010) (remanding the appeal for a jurisdictional hearing because the appellant alleged that her resignation was involuntary for the reason that the agency denied her request for a reasonable accommodation (telecommuting) that, according to her doctor, would have

permitted her to continue to work full-time despite her medical condition); *Carey v. Department of Health and Human Services*, 112 M.S.P.R. 106, ¶¶ 7-9 (2009) (same); *Hernandez v. U.S. Postal Service*, 74 M.S.P.R. 412, 418-19 (1997) (finding that because the agency's evidence that the appellant had exaggerated his symptoms constituted mere factual contradiction of the appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge erred in weighing the evidence and resolving the conflicting assertions of the parties and dismissing the appellant's alleged involuntary resignation appeal without holding a hearing). Without any analysis, the administrative judge distinguished these cases because the decisions did not contain a detailed discussion on the specific facts and evidence introduced by the appellant. ID at 21 n.23.

Nevertheless, the exact same situation described in *Hosozawa* and *Carey* is present in this matter. The agency in each instance denied an appellant's request for an accommodation that her doctor asserted would have permitted her to continue to work. IAF, Tab 1 at 5-6, Tab 11 at 18, 24; *Hosozawa*, 113 M.S.P.R. 110, ¶ 7; *Carey*, 112 M.S.P.R. 106, ¶ 7. The lack of a detailed discussion of the evidence in those decisions reflects that, once an appellant presents nonfrivolous allegations of Board jurisdiction, i.e., allegations of fact that, if proven, would establish the Board's jurisdiction, she is entitled to a hearing at which she must prove jurisdiction by a preponderance of the evidence. *Carey*, 112 M.S.P.R. 106, ¶ 6. Accordingly, the appellant is entitled to a jurisdictional hearing.

On remand, the administrative judge should take additional evidence on the issue of timeliness.

Because we have determined that the appellant made a nonfrivolous allegation that her retirement was involuntary, we must address the timeliness of her appeal. In an appropriate case, an administrative judge may assume that an appealable action occurred and that the appellant has standing to appeal and may proceed to dismiss an appeal as untimely filed if the record on timeliness is sufficiently developed. *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 5,

*aff'd per curiam*, 469 F. App'x 852 (Fed. Cir. 2011). Such an approach is not appropriate, however, if the jurisdictional and timeliness issues are inextricably intertwined, that is, if resolution of the timeliness issue depends on whether the appellant was subjected to an appealable action. *Id.* The issues of timeliness and jurisdiction are typically inextricably intertwined in an appeal based on an alleged involuntary retirement because if the agency has subjected the employee to an appealable action then the agency's failure to inform an employee of her right to appeal may excuse an untimely filed Board appeal. *Id.* Generally, an appellant may establish good cause for an untimely filing of an involuntary resignation or retirement appeal if, at the time of the employee's resignation or retirement, the agency knew or should have known of facts indicating that the action was involuntary but did not inform the appellant of her appeal rights. *Id.* If an agency failed to advise an employee of appeal rights when it should have done so, the appellant is not required to show that she exercised due diligence in attempting to discover her appeal rights; rather, the appellant must show that she was diligent in filing an appeal after learning that she could do so. *Id.*; *Gingrich v. U.S. Postal Service*, 67 M.S.P.R. 583, 588 (1995).

The appellant indicated in her retirement paperwork that she was retiring, in pertinent part, because agency management denied her request for reasonable accommodation. IAF, Tab 11 at 4, 27. She also indicated in her formal EEO complaint that she was forced to retire when her supervisor denied her reasonable accommodation. IAF, Tab 16 at 69. In the letter accepting her formal EEO complaint for investigation, the agency acknowledged the issue as whether the appellant had retired when the agency denied her reasonable accommodation because she "believed [she] had no recourse." IAF, Tab 10 at 21. She also argued constructive discharge in a brief before the EEOC. IAF, Tab 14 at 157-61. When, as here, an employee puts an agency on notice that she considers an action to be involuntary, it triggers a duty on the part of the agency to provide the employee with appeal rights. *See Gingrich*, 67 M.S.P.R. at 587 (1995). Thus, we

find that the agency should have provided the appellant with notice of her Board appeal rights when she retired.  The record does not reflect that it did so.

Nevertheless, the administrative judge found that the appellant understood that her involuntary retirement claim constituted a mixed case appealable to the Board.  ID at 24-28.  He based his finding on the fact that, in 2013, the appellant filed a furlough appeal with the Board; in September 2015, the agency advised her of her mixed-case appeal rights in connection with her EEO complaint; and in February 2017, her prior attorney, who was experienced in EEO law, recognized the appellant's EEO complaint was mixed and her alleged constructive suspension was appealable to the Board.  ID at 23-26.  Because we are remanding this appeal for further proceedings related to jurisdiction, we do not reach the timeliness issue.  *See Brown*, 115 M.S.P.R. 609, ¶¶ 5, 8.  Nonetheless, we address the administrative judge's timeliness finding to provide further guidance for processing the appeal on remand.

When, as here, an agency has an obligation to provide notice of appeal rights, the obligation is not satisfied by a mere reference to Board appeal rights. *Drose v. U.S. Postal Service*, 85 M.S.P.R. 98, ¶ 10 (2000).  In addition, general notice of Board appeal rights from a source other than the agency does not excuse the agency's failure to inform an employee of her appeal rights, when the notice does not inform her of the time limit for filing an appeal and lacks other information on where and how to file such an appeal.  *Id.*  The appellant filed her furlough appeal in 2013, after the agency specifically advised her of her right to do so.  *Harrup v. Department of Defense*, MSPB Docket No. DC-0752-13-5718-I-1, Initial Appeal File (5718 IAF), Tab 1 at 13-15. During that appeal, the agency did not advise the appellant that she might have the right to appeal an alleged involuntary retirement.  *See Gingrich*, 67 M.S.P.R. at 588 (finding that a widely-publicized Board decision regarding the right to appeal certain reassignments as reduction-in-force demotions was insufficient to put an appellant on notice that he might be able to appeal his retirement as

involuntary). Instead, the agency's 2013 furlough decision specifically advised the appellant that she could appeal "this [furlough] action," without explaining why the action was appealable. 5718 IAF, Tab 1 at 13-14.

Similarly, we disagree with the administrative judge's finding that the agency's September 2015 letter related to the appellant's EEO complaint of her alleged involuntary retirement put her on notice of her appeal rights. ID at 24; IAF, Tab 16 at 67-71, 114-29. That letter explained to the appellant that "[i]f [her] claim is related or stems from an action that can be appealed to the [Board]," it is a mixed case to which mixed-case procedures apply. IAF, Tab 16 at 117, 125. It did not identify the appellant's claim as raising a matter appealable to the Board, or advise her that an alleged involuntary suspension was an appealable action. *Id.* Thus, the letter was insufficient notice.

Finally, the administrative judge cited a February 2017 brief submitted by the appellant's then-attorney in her EEOC appeal as evidence that the appellant knew of her Board appeal rights. ID at 24-25. In that brief, the attorney acknowledged that the appellant could pursue an involuntary retirement claim before the Board, but argued that it belonged before the EEOC because the appellant raised it in an amendment to her EEO complaint, and not in the initial complaint.[2] IAF, Tab 14 at 157-61. The administrative judge imputed to the appellant her attorney's error in failing to file a Board appeal upon recognizing that the appellant could do so. ID at 26-27.

As the administrative judge observed, an appellant is responsible for the errors of her chosen representative in failing to meet a filing deadline. ID at 26-27; *Gaetos v. Department of Veterans Affairs*, 121 M.S.P.R. 201, ¶ 6 (2014). Nonetheless, an appellant is not accountable for her attorney's errors when her diligent efforts to prosecute her appeal were, without her knowledge, thwarted by her representative's deceptions or negligence. *Herring v. Merit*

---

[2] The attorney served a copy of this brief on agency counsel, but the certificate of service does not reflect that he mailed a copy to appellant. IAF, Tab 14 at 164.

*Systems Protection Board*, 778 F.3d 1011, 1015-18 (Fed. Cir. 2015); *Crawford v. Department of State*, 60 M.S.P.R. 441, 445-46 (1994). The appellant provided a sworn declaration below that, on June 20, 2018, when she retained her current representative, she learned for the first time she could appeal her involuntary retirement to the Board as a mixed case.[3] IAF, Tab 1 at 8. In a second sworn declaration, she averred that her former attorney never explained to her that she "had the right to file [a] forced retirement claim with [the Board]." IAF, Tab 23 at 4. Unrebutted sworn statements are competent evidence of the matters asserted therein. *See Aldridge v. Department of Agriculture*, 110 M.S.P.R. 21, ¶ 9 (2008).

Although the appellant has provided evidence that her attorney was negligent, on the record before us we cannot determine whether the appellant made diligent efforts to pursue her appeal. The record does not reflect if the appellant regularly contacted her attorney or the extent to which, if at all, her long-term cognitive impairment affected her ability to maintain such contact or understand its importance. IAF, Tab 11 at 6-7, 9-10, 18, Tab 12 at 5. These facts may be relevant to determining whether the appellant's diligent efforts to prosecute her appeal were, without her knowledge, thwarted by her representative's deceptions or negligence. *Herring*, 778 F.3d at 1014-15 (considering the appellant's relevant medical conditions and her contact with her attorney just days prior to the deadline as favorable factors in determining whether she acted with due diligence in filing her appeal despite her attorney's error in untimely filing).

In addition, because the timeliness and jurisdictional issues are intertwined, we cannot resolve the timeliness issue first. Therefore, we remand this appeal. On remand, the administrative judge must first determine whether the Board has jurisdiction over the appeal after holding the appellant's requested hearing. IAF, Tab 1 at 2; *Brown*, 115 M.S.P.R. 609, ¶ 5. Because, as discussed above,

---

[3] The appellant filed her appeal on July 16, 2018, 26 days later. IAF, Tab 1; *see* 5 C.F.R. § 1201.22(b)(1) (providing that an appellant generally must appeal within 30 days of learning of the agency's decision).

timeliness and jurisdiction are intertwined here, the administrative judge should also hear issues related to the timeliness issue.  After holding that hearing, he can make his final determination as to both issues.

The administrative judge previously suspended discovery deadlines at the appellant's request.  IAF, Tab 13.  Prior to holding the hearing, he should inquire whether the parties wish to engage in discovery and, if so, provide them an opportunity to do so.

## ORDER

For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                            _____
                                          Gina K. Grippando
                                          Clerk of the Board

Washington, D.C.